# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12CR217-1 |
| | ) | |
| WALTER LEE EARLY | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on a Motion to Revoke Conditions of Release (Docket Entry 10). For the reasons that follow, the Court grants said Motion, revokes the defendant's release, and orders the defendant detained.

## BACKGROUND

A federal grand jury for this district indicted the defendant for possessing firearms as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 1.) The case thereafter came before the Court for a hearing on a motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(E) and (2). (See Docket Entry dated July 23, 2012.)[1] At the conclusion of the hearing, the Court requested additional information from the Probation Office and took the matter under advisement. (See id.) The Court

---

[1] In advance of the detention hearing, a United States Probation Officer prepared a report regarding the defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. The defendant conceded the accuracy of the factual information in the report (subject only to the correction that he had lived at his then-current residence for eight rather than five years).

subsequently ordered the defendant released on conditions, including a prohibition against further violations of law and a requirement of home incarceration in the third-party custody of his brother and sister-in-law. (Docket Entry 9.)

The United States later moved to revoke the defendant's release because of his arrest on separate state warrants for assault and communicating threats and due to his violation of his home incarceration condition. (Docket Entry 10.) Upon order of the Court, an arrest warrant issued. (Docket Entries 11, 12.) The case then came before the Court for a revocation hearing. (See Docket Entry dated Aug. 10, 2012.) At that hearing, the defendant contested the alleged violations of his release conditions, the defendant's brother and the defendant both testified,[2] and the Court heard argument. (See id.) At the conclusion of the hearing, the Court ordered the defendant's release revoked under 18 U.S.C. § 3148(b) because: 1) probable cause existed to believe the defendant committed the state offenses of assault and communicating threats; 2) the evidence established (based on the factors set forth in 18 U.S.C. § 3142(g)) that no available conditions of release would reasonably assure the safety of others and the community and/or the appearance of the defendant; and 3) the

---

[2] During the testimony of the defendant's brother, the Court heard a recording of a voice-mail message which the defendant (during his own testimony) admitted he had left on his brother's cellular telephone.

evidence established that the defendant was unlikely to abide by any combination of conditions. (See id.) The Court now enters this written order memorializing that ruling.

## DISCUSSION

In addressing a motion for revocation of release:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is--
>
>> (A) <u>probable cause to believe that the person has committed a Federal, State, or local crime while on release</u>; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; <u>and</u>
>
> (2) finds that--
>
>> (A) <u>based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community</u>; <u>or</u>
>>
>> (B) <u>the person is unlikely to abide by any condition or combination of conditions of release.</u>

18 U.S.C. § 3148(b) (emphasis added).

As to the first of the above-highlighted elements of Section 3148(b), the Court (having heard the testimony of the defendant and his brother): 1) credits the defendant's brother's report that the defendant (while on release) slapped a cellular telephone out of his brother's hand and slapped his brother across the face; and

-3-

2) discredits the defendant's denial of such conduct. As a result, the Court finds probable cause to believe that (while on release) the defendant committed the offense of assault in violation of N.C. Gen. Stat. § 14-33(a). Further, having heard the voice-mail message the defendant admittedly left on his brother's cellular telephone while on release (which included the statement "call the law on me and see what happens") and credible testimony from the defendant's brother about the surrounding circumstances, the Court finds probable cause to believe that the defendant (while on release) committed the offense of communicating threats in violation of N.C. Gen. Stat. § 14-196(a)(2).

As to the second of the above-highlighted elements of Section 3148(b), the Court has considered the following statutorily-prescribed factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Based on the record, the Court makes the following findings of fact and/or conclusions of law:

1) the offense charged:

A) is serious in nature, including as reflected by the applicable penalties and plain language of the Bail Reform Act,

see, e.g., United States v. Melguizo, 824 F.2d 370, 371 (5th Cir. 1987) ("We find that a possible sentence of ten years is also sufficient indication that the offense is serious."); United States v. Stump, 784 F. Supp. 326, 330 (N.D.W. Va. 1992) (describing Section 922(g)(1) as "a serious federal crime"); 18 U.S.C. §§ 924(a)(2) (providing for prison term of up to ten years for violation of 18 U.S.C. § 922(g)), 3142(g)(1) (identifying issue of whether offense involved "firearm" as among key considerations in assessing risks relevant to detention decision); and

B) involved circumstances manifesting particular danger to the community, because the evidence reflects that the defendant possessed the firearms in the same residence where he also possessed controlled substances, see United States v. Brandon, 247 F.3d 186, 191 (4th Cir. 2001) (quoting with approval Ninth Circuit's statement that "the danger of violence inheres in the combination of firearms and drugs"); 18 U.S.C. § 3142(g)(1) (listing involvement of "controlled substance" in offense as pertinent to detention determination);

2) the weight of the evidence against the defendant is sufficient to support a conviction, in that:

A) the defendant's state probation officer credibly testified that, while at the defendant's residence for purposes of conducting a warrantless search, he observed a firearm through an

open closet door in an unlocked bedroom used by the defendant's mother, after which the defendant's mother admitted that an additional firearm was located in the same closet;

    B) the state probation officer credibly testified that he previously had observed the defendant freely enter the level of the home on which the bedroom in question was located from the basement area where the defendant generally slept;

    C) the defendant's mother admitted that the firearms in question belonged to the defendant;

    D) prior to the seizure of the firearms at issue, the defendant sustained at least one conviction for an offense under North Carolina law then punishable by more than one year in prison within the meaning of United States v. Simmons, 649 F.3d 237, 240-50 (4th Cir. 2011) (en banc), i.e., flee and elude arrest with a motor vehicle with two aggravating factors (in 2005, for which he received a suspended prison sentence of 11-14 months); and

    E) no reasonable dispute appears to exist as to the interstate nexus of the charged firearms; and

3) the history and characteristics of the defendant raise concerns regarding risks of danger to the community and of non-appearance, in that:

    A) in addition to the above-cited felony conviction and the evidence of his assaultive and threatening conduct while on

release in this case, the defendant has prior convictions under North Carolina law for carrying a concealed weapon, resisting a public officer, assault inflicting serious injury, and assault (all on the same date in 1997), carrying a concealed weapon (later in 1997), possession with intent to sell and deliver marijuana (in 1998), possession of marijuana and maintaining a vehicle/dwelling/place for controlled substance (in 2003), resisting a public officer (later in 2003), driving while intoxicated (in 2004), and assault on a female (in 2006);

 B) the defendant has had state probation revoked at least twice; and

 C) the defendant has a significant history of substance abuse and mental health issues.

Given these considerations, the Court concludes that no available release conditions would reasonably assure the safety of others and the community and/or the defendant's appearance. The defendant has shown that he cannot obey the most basic condition of release, i.e., refraining from committing new crimes. Moreover, the fact that the defendant would assault and would threaten his third-party custodian clearly shows that the defendant lacks the ability to refrain from dangerous criminal conduct or to control his behavior such that the Court could have any confidence he would make court appearances. For these same reasons, the Court, in the

alternative, finds that (as to the third above-highlighted element of Section 3148(b)), the defendant is unlikely to obey any combination of conditions the Court imposes.

**IT IS THEREFORE ORDERED** that the Motion to Revoke Conditions of Release (Docket Entry 10) is **GRANTED**. Pursuant to 18 U.S.C. § 3148(b), the defendant is committed to the custody of the United States Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for court proceedings.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**

August 10, 2012